■ DIME SAVINGS BANK OF BROOKLYN, Appellant, v. ROMUNDY, INC., et al., Defendants, and GEORGE I. NEWBLATT, Respondent; KENNETH MOLLOY, as Referee.— In an action to foreclose a mortgage on real property, the plaintiff mortgagee appeals from an order of the Supreme Court, Nassau County, entered December 4, 1959, which grants the motion of defendant Newblatt, rejects the Referee's original and amended reports of sale, and directs the filing of a new report of sale " in accordance with the decision made by the Court dated December 1, 1959 ". Order modified by striking from its third ordering paragraph the words " in accordance with the decision made by the Court dated December 1, 1959 ". As so modified, order affirmed, without costs. On June 7, 1956 defendant Romundy, Inc., made a note, building loan agreement, and mortgage for $25,000 in favor of plaintiff. The one-family house which Romundy was required to, and did, build in the Village of Lawrence was erected in violation of the setback restrictions of the village, and a certificate of occupancy could not be obtained. On July 17, 1957 Romundy contracted to sell the house to defendant Newblatt, who made a down payment of $4,000. Romundy engaged a mover to move the house 10 feet in order to comply with the setback restrictions. About November 15, 1957 the mover abandoned the work because of nonpayment by Romundy. After plaintiff commenced this foreclosure action for nonpayment of interest and taxes, it arranged with the mover to complete the work. On October 28, 1958 judgment of foreclosure and sale was entered, directing that the Referee appointed to sell shall pay to plaintiff out of the proceeds of sale the unpaid principal balance, certain other sums, and " any amounts paid by plaintiff for * * * the preservation" of the property " from August 7, 1958." The Referee allowed plaintiff the expenses of moving the house, for engineering services in connection with such moving, and for repairs in moving the house. Newblatt objected to the allowances of these sums to plaintiff. In our opinion, paragraph 18 of plaintiff's mortgage limits all costs of completion to the $25,000 face amount of the mortgage. Although the judgment of foreclosure provides that plaintiff is entitled to a credit for all sums paid by it for preservation of the property from August 7, 1958, the sums paid by it for moving the house were not for preservation of the property, but were for completion of the house under the terms of the said building loan agreement and mortgage. These instruments must be interpreted to include, under costs of completion, all costs necessary to obtain a certificate of occupancy. It also appears that most, if not all, the costs of moving were incurred before August 7, 1958, although paid after that date; and that the expenditures for the cost of moving were necessitated, at least in part, as the result of plaintiff's error in approving plans and advancing money for a building erected in violation of the village setback restrictions,

Whether the expenditures of $2,195.92 for the item of "repairs in moving the house" may be deemed for the "preservation" of the property cannot be determined on this record. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.